UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RHONDA G.,<br><br>                  Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | CASE NO. 3:24-cv-05424-GJL<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 11, 13.

After considering and reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

//

//

ORDER ON PLAINTIFF'S COMPLAINT - 1

## I.  PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) was denied initially and following reconsideration. *See* Administrative Record ("AR") 227–60. Plaintiff's first hearing was held on December 20, 2016, before ALJ Kelly Wilson, who left her position at the Social Security Administration before she wrote a decision on the matter. AR 118, 138–177.

A second hearing was held before ALJ Marilyn Mauer ("the ALJ") on February 23, 2018. AR 185–226. On April 5, 2018, the ALJ issued a written decision in which the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 115–37. Plaintiff requested review by the Appeals Council on June 1, 2018, but received no response for over five years. AR 115.

After Plaintiff's counsel requested a status update for her case on September 21, 2023, the Appeals Council denied Plaintiff's request for review on April 4, 2024. AR 1–7, 425. Plaintiff appealed the ALJ's decision by filing a Complaint in this court on June 5, 2024. Dkt. 4. Defendant filed the sealed AR regarding this matter on August 5, 2024. Dkt. 7.

## II.  BACKGROUND

Plaintiff was born in 1969 and was 42 years old on the alleged date of disability onset of August 8, 2011. AR 228. Plaintiff has a high school education and last worked as a receptionist in 2011. AR 444, 468. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of cervical spine degenerative disc disease, lumbar spine degenerative disc disease with no recorded neurological deficits, mild carpal tunnel syndrome bilaterally, somatoform disorder, migraine headaches, hypertension, hyperthyroidism, and obesity. AR 120. However,

the ALJ found Plaintiff was not disabled because she had the following Residual Functional Capacity ("RFC"):

> to perform a range of light work as defined in 20 CFR 404.1567(b). She can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit, stand, and walk each 6 hours out of an 8-hour workday for a combined total of 8 hours of activity. The claimant [can] occasionally reach overhead and can frequently reach [on] all other planes. She can never climb ladders, ropes, or scaffolds. She can frequently climb ramps and stairs. She can frequently handle, finger and feel objects. She can work in a setting in which she has no more than occasional exposure to extreme cold, vibrations, unprotected heights, and large moving equipment. She can understand, remember and apply information consistent with the completion tasks that require a GED reasoning level of 3 or less.

AR 123.

### III.   DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: whether the ALJ (1) properly evaluated the medical evidence; (2) erred in finding that some of Plaintiff's impairments were not severe; or (3) erred in finding that Plaintiff's impairments did not meet, or medically equal, a listing. Dkt. 11 at 1–3.[1]

**A.   Assessment of Medical Opinions**

Under the applicable legal standard, the Ninth Circuit has held that deference is due to a treating or examining doctor's opinion and if the opinion is contradicted by another doctor's

---

[1] Although Plaintiff describes some of her testimony and relies on it to argue the ALJ's other findings were erroneous, she does not directly challenge the ALJ's rejection of this testimony. Dkt. 11.

ORDER ON PLAINTIFF'S COMPLAINT - 3

opinion, the "ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).[2] However, "even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Id.* (quoting *Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007)). To reject such an opinion, an ALJ must "set[ ] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

        1.        **The October 2014 Evaluation of Keith Peterson, Ph.D.**

Dr. Keith Peterson completed a psychological evaluation of Plaintiff on October 9, 2014. AR 1650–55. Plaintiff greeted Dr. Peterson "skillfully" and maintained good eye contact, displayed a "pleasant mood" with rapid but intact speech, intact insight and judgment, and no evidence of delusional thinking. AR 1653. Dr. Peterson noted Plaintiff's history of physical impairments, observing that "she winced and appeared to be in significant pain" when rising from her seat. AR 1652. Dr. Peterson further noted that "a pencil [flew] out of her grasp on two occasions" which Plaintiff explained was due to "recent loss of sensation in her fingertips." AR 1652.

Dr. Peterson concluded, "If this claimant is deemed incapable of finding and keeping gainful work activity, it will be based on her medical issues [. . .] From a cognitive and mental

---

[2] Because Plaintiff applied for benefits prior to March 27, 2017, this Court will proceed under the rules in 20 C.F.R. §§ 404.1527 and 416.927. For applications filed on or after March 27, 2017, the Administration has directed ALJs to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c).

ORDER ON PLAINTIFF'S COMPLAINT - 4

1  health standpoint, she is able to work." AR 1655. He further noted that Plaintiff's physical

2  limitations would be a major impediment to finding work she can consistently perform. *Id.*

3        The ALJ gave significant weight to Dr. Peterson's psychological opinion but rejected his

4  conclusions regarding Plaintiff's physical impairments. AR 127–28. The ALJ noted that Dr.

5  Peterson "observed motor dexterity issues, but Dr. Peterson is not a physician and he did not

6  make a complete physical assessment." AR 128. The ALJ further noted that motor dexterity may

7  be based on the claimant's effort, and Dr. Peterson accepted Plaintiff's assertion that she was

8  being seen on a "good day." AR 128 (citing AR 1655). This Court agrees.

9        Dr. Peterson's finding, aside from his limited observations, was unsupported by any tests

10 of Plaintiff's strength, range of motion, sensation, or other physical factors indicating Plaintiff is

11 disabled due to her physical impairments. *See Amanda P. v. Kijakazi*, No. 1:21-CV-03021-MKD,

12 2022 WL 2901009, at *10 (E.D. Wash. May 23, 2022) ("The Social Security regulations 'give

13 more weight to opinions that are explained than to those that are not'") (quoting *Holohan v.*

14 *Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001)).

15       Plaintiff asserts that "any doctor should be able to identify when someone is struggling to

16 hold a pen." Dkt. 11 at 10. But as the ALJ noted, observed motor dexterity may depend on the

17 physical effort exerted by the patient—another factor not tested. AR 128. Even if the ALJ found

18 this observation credible, she was not required to accept Dr. Peterson's conclusion that Plaintiff's

19 physical symptoms would preclude work, a finding supported solely by Plaintiff's self-reported

20 medical history and her poor grip of a pencil during the evaluation.

21       The ALJ was also permitted to discount Dr. Peterson's opinion on Plaintiff's physical

22 impairments because it was outside his area of expertise as a psychologist. An ALJ may reject a

23 doctor's opinions when they are "on a matter not related to her or his area of specialization."

24

*John D. v. Comm'r of Soc. Sec.*, No. C19-743 TLF, 2020 WL 5869065, at *2 (W.D. Wash. Oct. 1, 2020) (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001)); *see* 20 C.F.R. § 404.1527(d)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). The Court finds no error.[3]

### 2.  The May 2013 Evaluation of Kathy Wang, D.O.

Dr. Kathy Wang completed a "return to work or disability form" on March 11, 2013. AR 1659. The results of a May 1, 2013, MRI of Plaintiff's spine are attached to the form. AR 1658. Dr. Wang diagnosed Plaintiff with "torticollis, cervical DDD, cervical spondylosis, [and] chronic daily headache." AR 1659. She opined that Plaintiff was capable of light duty with no prolonged sitting, standing, walking, or frequent bending or rotation of the neck, of lifting up to 20 pounds, and for a maximum of 4 hours each day. The ALJ discounted Dr. Wang's opinion because she "failed to provide explanations associated with objective medical findings in support of her opinion." AR 128. This Court agrees.

Dr. Wang's opinion consists only of a list of diagnoses and a series of checkboxes indicating Plaintiff's limitations. AR 1659. There is no explanation of how any impairments cause the prescribed limitations, and no discussion of the attached MRI results and whether they validate Dr. Wang's findings. AR 1658–59. The ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Leverenz v. Berryhill*, 691 F. App'x 445, 447 (9th Cir. 2017)

---

[3] Additionally, it is not clear that Dr. Peterson's notes on Plaintiff's physical capabilities constitute a medical opinion. His statement that any disability would be caused by Plaintiff's physical limitations which are a "major impediment" to finding work seems to be a suggestion for follow-up with a physician, and in any event is "simply too vague and unquantifiable to incorporate into the claimant's RFC or into a VE hypothetical." *Patricia T. v. Comm'r of Soc. Sec.*, No. 1:17-CV-00912-MC, 2018 WL 4610053, at *2 (D. Or. Sept. 25, 2018), *aff'd sub nom. Thomas v. Saul*, 796 F. App'x 923 (9th Cir. 2019).

(quoting *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). The ALJ did not err in rejecting Dr. Wang's opinion.

**B.     Step Two Findings**

The medical severity of a claimant's impairments is considered at step two. 20 C.F.R. § 404.1520(a)(4)(ii), § 416.920(a)(4)(ii). An impairment is not considered to be "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); Social Security Ruling ("SSR") 96-3p. "[O]nce a claimant presents evidence of a severe impairment, an ALJ may find an impairment or combination of impairments 'not severe' at step two 'only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Glanden v. Kijakazi*, 86 F.4th 838, 844 (9th Cir. 2023) (quoting *Webb v. Barhnart*, 433 F.3d 683, 686 (9th Cir. 2005)).

The ALJ must consider all limitations and restrictions when formulating the RFC, even those stemming from impairments that are not "severe.*" See Buck v. Berryhill,* 869 F.3d 1040, 1049 (9th Cir. 2017); 20 C.F.R. § 404.1520(e). For this reason, the RFC "should be exactly the same regardless of whether certain impairments are considered 'severe' or not" at step two, and so, ordinarily, a finding that an impairment is not severe at step two is harmless error. *Buck*, 869 F.3d at 1049.

Plaintiff assigns error to the ALJ's finding at step two that Plaintiff's history of diverticulitis, history of peroneal tear, and midfoot osteoarthritis were non-severe impairments. Dkt. 11 at 4–6. The Court agrees with the Commissioner, however, that the medical evidence supports the ALJ's finding. Dkt. 13 at 2; *see* AR 2037, 2165 (Plaintiff experienced acute diverticulitis in December 2016, ostensibly resolved before a February 2017 CT scan showed "no evidence of acute inflammatory process"); AR 1843, 2084 (after peroneal tendon repair,

ORDER ON PLAINTIFF'S COMPLAINT - 7

Plaintiff reported "doing quite well" and was permitted to resume activities of daily living). Accordingly, the ALJ found these impairments "unaccompanied by any medical opinions or medical findings that indicated any difficulties in performing basic work activities due to these impairments." AR 121.

Because Plaintiff failed to pass the "*de minimis* threshold of step two" with respect to these impairments, the ALJ did not err. *Glanden v. Kijakazi*, 86 F.4th 838, 844 (9th Cir. 2023) (citing *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

**C.     Step Three Findings**

Plaintiff contends the ALJ erred at step three by declining to find that her impairments meet or equal Listing 1.04A. Dkt. 11 at 5–8.

At step three, the ALJ determines if a claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listing"). *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The Listing describes specific impairments of each of the major body systems which are considered "severe enough to prevent a person from doing any gainful activity." *Id.*, 180 F.3d at 1099. If a claimant meets or equals a listed impairment he or she will be found disabled at this step without further inquiry. See 20 C.F.R. § 404.1520(d).

To "meet" a listed impairment, a claimant must establish that "he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett*, 180 F.3d at 1099. To "equal" a listed impairment, a claimant must establish symptoms, signs and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment or an impairment most like the claimant's. *Id.* (quoting 20 C.F.R. § 404.1526). The claimant bears the burden of proof regarding whether or not she has an impairment that meets or equals the Listings. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). If a claimant meets or equals a

Listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id.*, 180 F.3d at 1100.

Listing 1.04 covers "disorders of the spine [. . .] resulting in compromise of a nerve root [. . .] or the spinal cord. 20 C.F.R. § 404 (2018), subpt. P, app. 1, § 1.04 (amended May 21, 2018).[4] Subparagraph A also requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]"

Plaintiff argues that her impairments equal Listing 1.04(A) because, even if she did not experience motor loss accompanied by sensory or reflex loss, "she would still be struggling with motor loss because of the effects of her spine conditions making it difficult to ambulate without nausea and balance problems." Dkt. 11 at 7–8. To support this, Plaintiff cites an occupational therapist's note of "weakness of both left upper and lower extremity" and that she was "unable to sustain a contraction against resistance." *Id.* at 7 (citing AR 1583). However, the record largely shows that Plaintiff had full motor strength and tone in her left arm and leg. *See, e.g.,* AR 561, 569, 1062, 1634. Plaintiff also cites an opinion from Dr. Holli Bannister noting that Plaintiff could not stand or walk for prolonged periods, along with Plaintiff's testimony that moving her neck causes extreme nausea. *Id.* (citing AR 114, 165, 1659).

---

[4] Listing 1.04 is no longer included in the current version of the Social Security Regulations. This Court refers to the version of the Regulations in place at the time of the ALJ's decision on April 5, 2018.

The ALJ discounted both Plaintiff's testimony and the opinion of Dr. Bannister, however, and Plaintiff contests neither ruling. Thus, the ALJ did not err in finding that Plaintiff's impairments did not meet or equal Listing 1.04(A).

## IV.  CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 6th day of December, 2024.

Grady J. Leupold
United States Magistrate Judge